IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RECEIVED & FILED

'00 JAN 24 ꞁM 9:08

CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P R

SOMASCAN PLAZA, INC., et al.,            *
                                          *
        Plaintiffs,                       *
                                          *
v.                                        *        CIVIL NO. 98-2218 (JP)
                                          *
SIEMENS MEDICAL SYSTEMS, INC.            *
                                          *
        Defendant                         *
_____      *

O R D E R

The Court has before it plethora of motions filed by both parties relating to discovery (**docket nos. 94, 97, 98, 113, 120, 122, 123, 127, 128**).  A Status Hearing was held on December 28, 1999 to address these motions.  Pursuant thereto, the Court hereby issues the following Orders:

1.    Plaintiff **SHALL** produce all items identified by Defendant in docket No. 113.  Regarding the chronology described in docket No. 113, Plaintiff **SHALL** produce Marie Elsie Colón of Plaintiff's Human Resources department at Plaintiff's cost, on **January 17, 2000 at 9:30 a.m.** to be deposed by Defendant in the office of Defendant's attorney regarding the documents she refers to in the chronology.

2.    Plaintiff's motion to amend the complaint is hereby **DENIED**.  Plaintiff's motion does not specify the amendments and why amending is required at this juncture.

CIVIL NO. 98-2218 (JP)           2

Moreover, the Initial Scheduling Conference Order clearly set a deadline of April 20, 1999. Permitting an amendment at this time would merely cause further delay and cost in what has become an unnecessarily costly and protracted litigation. On or before **January 17, 2000**, Plaintiff **SHALL** file its motion for reconsideration of this order.

3. On or before **January 17, 2000**, Defendant **SHALL** produce all documents requested by Plaintiff in its latest request for production of documents, which was previously ordered produced on or before August 7, 1999. All objections raised by Defendants are **DENIED**. Defendants **SHALL** identify each document and provide a table of contents to Plaintiff. The table of contents **SHALL** also be served on the Court on or before **January 17, 2000**.

4. Plaintiff **SHALL** produce its expert physicist report and all documentation upon which its damages expert based its findings, the latter of which is listed in docket number 97, footnote 3, on or before **January 20, 2000.**

5. Defendant **SHALL** submit a final list of witnesses and documents on or before **February 10, 2000.** It may add Horst Appold to its list of fact witnesses.

6. The Court **GRANTS** Plaintiff's request to depose Mike

CIVIL NO. 98-2218 (JP)            3

Correll, Uptime Services Manager, and Tom McCausland, CEO
of Siemens.  The Court finds that these individuals may
possess discoverable material within the scope of the
Federal Rules of Civil Procedure.  Whether that
information is ultimately relevant is an evidentiary
issue to be resolved at trial.

7.    Defendant's motion for reimbursement of $330.00 which it
overpaid to Plaintiff for the deposition of Horst Appold
is **DENIED**.  The Court is not going to intervene in errors
committed between the parties.

8.    The Court **GRANTS** Defendant's motion to continue the
deposition of Dr. Kolodziej, but only to question him as
to the documents on which Plaintiff's damages expert
relied and the documents produced by Plaintiff after his
deposition, referred to in docket No. 127, and only after
specifying these documents to the Court, by motion.  The
deposition **SHALL** take place on **February 25, 2000** at 9:30
a.m.

9.    The Court **GRANTS** Defendant's motion to serve a Second
Request for Production of Documents, but only to discover
the documents that are identified in Plaintiff's economic
expert's report.  The Court will not permit any further
discovery or depositions.

CIVIL NO. 98-2218 (JP)                4

10.  The Court **ORDERS** that no objections may be raised during
     any of the remaining depositions.

11.  The deadline for dispositive motions is hereby **SET** for
     **April 1, 2000**.  The pre-trial is **SET** for **July 5, 2000** at
     4:00 p.m.  The trial will be held on **July 17, 2000** at
     9:00 a.m.

**SO ORDERED.**

In San Juan, Puerto Rico, this 21st day of January, 2000.

_____
        JAIME PIERAS, JR.
   U.S. SENIOR DISTRICT JUDGE